**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Staeheli,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Adler University,<br><br>　　　　　Defendant. | No. CV-21-00116-PHX-DLR<br><br>**ORDER** |

On January 22, 2021, Plaintiff filed her original complaint. (Doc. 1.) On March 4, 2021, before Defendant filed an answer, Plaintiff filed her first amended complaint ("FAC"). (Doc. 7.) One day later, Defendant filed a motion to dismiss the original complaint and a motion to strike the FAC. (Docs. 8, 9.) In its motion to strike, Defendant argues that the FAC is improper because it was filed over 21 days after the original complaint under Fed. R. Civ. P. 15(a)(1)(A) but *before*, rather than after, Defendant filed its responsive pleading, thereby failing to fall within the parameters of Fed. R. Civ. P. 15 (a)(1)(B).

Defendant's argument is misguided. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), a party may timely amend its pleading once without leave if it does so up to and including 21 days following the filing of the defendant's answer. It is undisputed that Plaintiff did not file her FAC later than 21 days following the filing of Defendant's answer. Instead, she filed her FAC before Defendant filed its motion to dismiss in an effort to obviate the need for

Defendant's filing. Defendant's strained reading of Rule 15, which creates a dead space between Rule 15 (a)(1)(A) and 15(a)(1)(B), is unsupported by case law and runs contrary to Rule 15's purpose. This "dead space" stemming from Defendant's answer extension agreement is of its own creation and would not have existed but-for Defendant's request for more time. And, if the Court were to adopt Defendant's interpretation of Rule 15(a), a plaintiff stipulating to an answer extension would have to sit on plans to file an amended complaint until immediately after the defendant files its answer, a waste of resources without an apparent purpose. The Court will deny Defendant's motion to strike. Additionally, since the FAC is now the operative complaint, Defendant's motion to dismiss the original complaint is moot. Furthermore, because Defendant has filed a motion to dismiss the FAC, its motion for extension of time to file an answer to the FAC is also moot.

**IT IS ORDERED** that Defendant's motion to dismiss the original complaint (Doc. 8) is **MOOT.**

**IT IS FURTHER ORDERED** that Defendant's motion to strike the FAC (Doc. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's first motion for extension of time to file an answer to the FAC (Doc. 12) is **MOOT.**

Dated this 25th day of March, 2021.

Douglas L. Rayes
United States District Judge